**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FELONY FRANKS, INC., and JIM ANDREWS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11 Cv 2956 |
| | ) | |
| CITY OF CHICAGO, COMMITTEE ON TRANSPORTATION AND THE PUBLIC WAY, WILLIE COCHRAN, RAY SUAREZ, PAT DOWELL, and ROBERT FIORETTI, | ) ) ) ) ) | Judge Coleman
Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' RULE 12 AND RULE 17
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants the City of Chicago ("the City"), the Committee on Transportation and the Public Way, Alderman Willie Cochran, Alderman Ray Suarez, and Alderman Pat Dowell, (collectively, "City Defendants"), by their attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, hereby move this Honorable Court to dismiss the Complaint ("Complaint") of Plaintiffs Felony Franks, Inc., and Jim Andrews (collectively, "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 17(b)(3). In support of their motion, City Defendants state as follows:

**BACKGROUND, PROCEDURAL HISTORY, AND SUMMARY OF COMPLAINT**

1. Felony Franks is a crime-themed hot dog restaurant at 229 South Western Avenue in Chicago's Second Ward. Comp. (Doc. 1) p. 6 ¶¶ 1-3, ¶ 6. The owner, Jim Andrews, wants to advertise his restaurant by hanging a sign over the public right of way next to the restaurant. Comp. p. 6 ¶ 7.

2. Such signs are not allowed as of right; one must first obtain a public right of way use

permit from the City. *See* Municipal Code of Chicago ("Code") § 10-28-010(b). To obtain a public right of way use permit, an applicant must submit a written request. *See* Code § 10-28-015(a). The permit is not granted unless it is first approved by an ordinance approved by a majority vote of the City Council. Code § 10-28-015(c). The Code provides that the Council "shall" deny a public right of way use permit for any of several reasons, including when:

> the granting of the public way use is not in the best interest of the public, would have a deleterious impact on the neighborhood, or would create a nuisance either on the public way or in the surrounding area.

Code § 28-015(c)(I).

3. In 2009 and again in 2010, Mr. Andrews asked Robert Fioretti, the Second Ward Alderman, to sign a public way use permit application. Comp. p. 2 fn. 1, Ex. 1. The Alderman declined to do so. Comp. p. 2 fn. 1, p. 6 ¶ 9, Ex. 1.

4. In February 2011, Mr. Andrews submitted a public right of way ordinance and permit application to the City without the Alderman's signature or approval. Mr. Andrews' proposed ordinance was referred to the City Council's Committee on Transportation and the Public Way. Comp. p. 7 ¶ 11.

5. The Committee's initial vote on the ordinance resulted in a tie. Comp. p. 7. Plaintiffs filed the instant lawsuit against the City, the Committee, and various individual Aldermen. Later, a newly-constituted Committee reported the proposed ordinance to the full City Council, which then passed the ordinance granting the public right of way use permit.

6. Plaintiffs' Complaint alleges that the City and various individual Aldermen violated 42 U.S.C. § 1983 and the United States and Illinois Constitutions by depriving Plaintiffs of their rights to free speech (Counts I and IV) and due process (Counts II and IV) when they denied

2

Plaintiffs a public right of way use permit and by delaying legislative action on the permit application, and for sending City inspectors to examine the restaurant itself for potential Municipal Code violations (Counts III and V).

7. Plaintiffs ask for injunctive relief that would prohibit the City "and the individual defendants, from denying the issuance of sign permit where the basis of denial is disapproval of the name Felony Franks; and enjoining all defendants from refusing to produce the ... transcript," as well as mandamus relief that would require the Committee and the City Council to vote on the ordinance and deliver a transcript of a committee hearing. Comp. pp. 10, 11, 12, 13. Plaintiffs seek $293,000 in compensatory damages for business supposedly lost while waiting for approval of the public right of way use permit. *Id.*. Plaintiffs also seek $50,000 in punitive damages from Alderman Fioretti for refusing to sign the permit application and from City Council members Cochran, Suarez, and Dowell for voting against the public right of way use permit ordinance while it was pending before the Committee on Transportation and the Public Way. *Id.*.

## **GROUNDS FOR DISMISSAL**

8. City Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), Federal Rule of Civil Procedure 12(b)(6), and Federal Rule of Civil Procedure 17(b)(3).

9. Plaintiffs' claims for mandamus and injunctive relief are moot because they have received all of the relief they sought in their injunctive request. The City Council has voted on and approved the enactment of their public right of way sign permit. Although the City does not have a transcript of the Committee hearing sought by Plaintiffs – for none exists – the City has made a tape of the hearing available. Therefore, Plaintiffs' claims for injunctive and mandamus claims are moot

and should be dismissed pursuant to Rule 12(b)(1). Further, Plaintiffs do not articulate a specific legal basis for their requested relief to "enjoin[] all Defendants from refusing to produce the ... transcript." Comp. pp. 4, 10, 11, 12, 13.

10. Plaintiffs' Section 1983 claims against the City fail as a matter of law because Plaintiffs have not plausibly alleged the existence of any municipal policy as required by *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). All of Plaintiffs' Section 1983 claims against the City should be dismissed pursuant to Rule 12(b)(6).

11. Alderman Cochran, Alderman Suarez, and Alderman Dowell are absolutely immune from suit because their vote on the proposed public right of way use permit was a legislative function. All claims against them should therefore be dismissed pursuant to Rule 12(b)(6).

12. Plaintiffs' procedural due process claims fail as a matter of law because Plaintiffs had no constitutionally-protected property interest in obtaining a public right of way use permit. Also, because their permit application ordinance went through the City Council's legislative process, they have received all of the procedural due process the constitution requires. Plaintiffs' procedural due process claims should be dismissed pursuant to Rule 12(b)(6).

13. Plaintiffs' retaliation claims fail to plausibly allege that Plaintiffs' expressive conduct was the "but for" cause of the City's business inspection, or that the inspection deprived Plaintiffs of any free speech right or any other constitutional right. Therefore, Plaintiffs' retaliation claims should be dismissed pursuant to Rule 12(b)(6).

14. The Committee on Transportation and the Public Way is not a suable entity. Federal Rule of Civil Procedure 17 provides that an entity must have the legal capacity to be sued under state law before it can be sued in federal court. Fed. R. Civ. P. 17(b)(3). Subdivisions of local government

such as the City Council and its Committees are not suable entities because they do not have a legal existence separate from the City of Chicago. All claims against the Committee should be dismissed pursuant to either Rule 12 or Rule 17.

15. If this Court dismisses Plaintiffs' federal claims, original subject matter jurisdiction would cease to exist, and this Court should then decline to exercise supplemental jurisdiction over any remaining claims brought under the Illinois Constitution.

### INCORPORATION OF CITY DEFENDANTS' MEMORANDUM OF LAW

16. This Motion incorporates all of the arguments and grounds discussed in City Defendants' supporting Memorandum of Law as if they were set forth fully in this Motion.

### CONCLUSION

For the reasons stated above and in their Motion to Dismiss, City Defendants respectfully request that this Honorable Court dismiss Plaintiffs' Complaint and grant City Defendants any further relief this Court deems appropriate.

Date: July 22, 2011

Respectfully submitted,
STEPHEN R. PATTON, Corporation Counsel
City of Chicago, Department of Law
By: /s/Jeffery A. Waldhoff
      Assistant Corporation Counsel

On behalf of City Defendants by their Counsel:
Andrew S. Mine
Rachel D. Powell
Jeffery A. Waldhoff
City of Chicago Department of Law - Constitutional and Commercial Litigation Division
30 N. LaSalle Street, Suite 1230
Chicago, IL 60602
Phone: (312) 744-7220 (Mine); (312) 744-7864 (Powell); (312) 744-2742 (Waldhoff)
Fax: (312) 742-3925
Email: Jeffery.Waldhoff@cityofchicago.org