**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Felony Franks, Inc., et al., | ) | |
| | ) | Case No. 11 C 2956 |
| Plaintiffs, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Magistrate Judge Martin C. Ashman |
| City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>Alderman Robert Fioretti's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss</u>

Alderman Robert Fioretti, by and through his attorneys, K&L Gates LLP, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves the Court for entry of an order dismissing the complaint with prejudice filed against him by Felony Franks and Jim Andrews ("Plaintiffs").  In support of his motion, Alderman Fioretti concurrently submits his Memorandum in Support of Alderman Robert Fioretti's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss and further states:

1.      On May 3, 2011, Plaintiffs filed the instant five-count action against the City of Chicago, Alderman Willie Cochren, Alderman Ray Suarez, Alderman Pat Dowell, and Alderman Robert Fioretti ("Defendants").  Plaintiffs allege that Defendants abridged their constitutional rights by failing to issue a public way use permit for a sign that Plaintiffs wished to hang outside their hot dog stand.  Specifically, Plaintiffs claim that Defendants abridged their rights under the First Amendment (Count I), abridged their rights under the Fourteenth Amendment (Count II), retaliated against them in violation of their First and Fourteenth Amendment rights (Count III), abridged their rights under the free speech and due process clauses of the Illinois Constitution (Count IV), and retaliated against them in violation of their free speech and due process rights

under the Illinois Constitution (Count V). Plaintiffs seek both monetary and injunctive relief for the alleged violations of their constitutional rights.

2. Plaintiffs also seek various writs of mandamus against the Defendants, including a writ of mandamus ordering Alderman Fioretti (who is the alderman of the ward in which the hot dog stand is located) to "sign-off on/approve" their application for a public way use permit.

3. The Chicago Municipal Code ("Code") requires that any individual or entity that wishes to install a sign projecting over the public way must obtain a public way use permit. *See* Chi. Mun. Code § 13-20-550. A public way use permit must be authorized by ordinance passed by the Chicago City Council. *Id.* at § 10-28-010(b). Although the Code requires that the alderman of the affected ward receive a copy of the application for a public way use permit, the Code mandates no further involvement by the alderman of the affected ward. Specifically, the Code does not require that the alderman sign off on the permit application, approve the permit application, introduce an ordinance authorizing issuance of the permit, or take any other action in furtherance of the permit request.

4. On June 8, 2011, the Chicago City Council passed Ordinance O2011-1467 approving Plaintiffs' request for a public way use permit. Alderman Fioretti did not introduce the ordinance approving Plaintiffs' permit, did not draft the ordinance approving Plaintiffs' permit, and did not sign Plaintiffs' application for a public way use permit. Nonetheless, Plaintiffs received their public way use permit.

5. Plaintiffs' requests for a writ of mandamus and injunctive relief against Alderman Fioretti are moot because Plaintiffs have received their public way use permit. "Under Article III of the Constitution, as interpreted by the courts, cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Federation of*

*Advertising Industry Representatives v. City of Chicago*, 326 F.3d 924, 928-29 (7th Cir. 2003). Accordingly, Plaintiffs' petition for a writ of mandamus must be dismissed and their requests for injunctive relief against Alderman Fioretti must be stricken.

6. Because Alderman Fioretti had no statutory authority to approve or disapprove Plaintiffs' permit request and because Plaintiffs were able to obtain their public way use permit without intervention from Alderman Fioretti, each of Plaintiffs' remaining five counts against Alderman Fioretti must be dismissed. Quite simply, Alderman Fioretti cannot be the cause of the alleged deprivation of Plaintiffs' rights. And if Alderman Fioretti was not at fault for the alleged constitutional violations, he cannot be liable to Plaintiffs. *See Sheik-Abdi v. McCellan*, 37 F.3d 1240, 1248 (7th Cir. 1994).

7. Plaintiffs' section 1983 actions against Alderman Fioretti (Counts I, II, and III) fail because Alderman Fioretti is entitled to absolute legislative immunity for actions taken in the exercise of his legislative responsibilities as an Alderman. *See Rateree v. Rockett*, 852 F.2d 946, 950-51 (7th Cir. 1988). A public way use permit must be authorized by ordinance passed by the City Council, and any action or inaction by Alderman Fioretti during this process is absolutely privileged.

8. To the extent that such arguments also apply to the claims against him, Alderman Fioretti adopts the arguments set forth by the City of Chicago in its motion to dismiss and memorandum is support thereof.

9. In the unlikely event this Court does not find that all of Plaintiffs' claims fail as a matter of law, Plaintiffs' complaint still must be dismissed because it fails to set forth adequate facts to state plausible claims. Plaintiffs' complaint is filled with little more than vague, conclusory statements and the type of "defendant-unlawfully-harmed me accusation[s]" that the

Supreme Court has said will not suffice to establish plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009). Moreover, Plaintiffs insistence on using group pleading – referring to the five Defendants in this case as a singular entity without differentiation as to how each specific Defendant caused the alleged harm – dooms the complaint. Plaintiffs have made serious constitutional allegations against Defendants, and each Defendant is entitled to fair notice of the claims asserted.

WHEREFORE, for the reasons set forth herein, the contemporaneously filed memorandum in support of this motion, and those reasons set forth in the City of Chicago's motion to dismiss and memorandum in support of motion to dismiss, Alderman Robert Fioretti respectfully requests that the Court dismiss all claims against him with prejudice and grant any other relief this Court deems proper.

Dated:  July 22, 2011                                    ALDERMAN ROBERT FIORETTI


                                                         By:          /s/ James P. Daley
                                                                   One of Its Attorneys

James P. Daley
Kenneth E. Rechtoris
James D. Thomas
K&L Gates LLP
70 West Madison
Suite 3100
Chicago, Illinois  60602
312-372-1121 (phone)
312-827-8134 (fax)

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing **Robert Fioretti's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 22nd day of July to the following:

Christopher C. Cooper
Law Office of Christopher Cooper
3620 West 80th Lane
Merrillville, Indiana 46410

Andrew S. Mine
Rachel Dana Powell
Jeffery Alan Waldhoff
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
amine@cityofchicago.org
rachel.powell@cityofchicago.org
jeffery.waldhoff@cityofchicago.org

/s/ James P. Daley
One of His Attorneys