IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FELONY FRANKS, INC.** and **JIM ANDREWS,** | ) ) ) | |
| **Plaintiffs** | ) ) | |
| v. | ) ) | Case No. 11-cv-2956 |
| CITY OF CHICAGO, Committee on Transportation & Public Way, | ) ) ) | Judge John Z. Lee |
| WILLIE COCHRAN, RAY SUAREZ, PAT DOWELL and ROBERT FIORETTI | ) ) | Magistrate Jeffrey Gilbert |
| **Defendants.** | ) ) | |

**ORDER**

For the reasons stated below, the Law Office of Christopher Cooper, Inc.'s 42 U.S.C. § 1988 Motion for Attorney's Fees [136] is denied.

**Discussion**

Movant, Christopher Cooper ("Cooper") of the Law Office of Christopher Cooper, Inc., was the original attorney representing Plaintiffs Felony Franks, Inc. and Jim Andrews (collectively, "Felony Franks") in this case. Although the details are in dispute, the parties agree that the attorney-client relationship between Felony Franks and Cooper ended before Felony Franks and the Defendants entered into a settlement agreement resulting in the final resolution of this case. After the settlement was reached, Cooper filed the present motion seeking attorney's fees for time he expended on the case pursuant to 42 U.S.C. § 1988 ("Section 1988"). Felony Franks ardently opposes Cooper's motion on several grounds. For the reasons set forth below, the Court denies Cooper's motion.

The Court relies upon the following undisputed facts in support of this motion. Cooper was the original attorney representing Felony Franks in connection with this action. He moved to withdraw as counsel on July 29, 2011, while the case remained pending. (Dkt. 46.) On August 2, 2011, the Court issued a minute order granting Cooper's motion to withdraw, which solely stated with respect to attorney's fees that "Mr. Cooper is given leave to file his fee petition." (Dkt. 49.) Cooper filed a motion for attorney's fees seven months later, on March 5, 2012. (Dkt. 87.) At that time, the case remained pending, and Felony Franks was being represented by its current counsel, the Law Offices of Lawrence V. Jackowiak. The Court entered and continued Cooper's motion on March 14, 2012. (Dkt. 90.)

In July 2012, the parties to the litigation reported that they had arrived at a settlement. (Dkt. 121.) Settlement negotiations were ongoing for three more months as details remained to be worked out. Eventually, on October 12, 2012, the parties reported to Magistrate Judge Gilbert that they had resolved all outstanding issues and would be filing a stipulation to dismiss the case. (Dkt. 128.) The settlement provided for an award of attorney's fees under Section 1988 that would be paid to Felony Franks' current counsel, the Law Offices of Lawrence V. Jackowiak. On that same day, Cooper re-filed his prior motion for attorney's fees. (Dkt. 129.) When the Court rescheduled the date for the motion's presentation, Cooper filed yet another version of the motion when the Court reset the date for presentment. (Dkt. 135, 136.) It is that final version of his motion that is before the Court for decision. (Dkt. 136.)

The primary issue for resolution is whether Cooper has standing to seek attorney's fees under Section 1988. Cooper's initial motion wholly fails to address this issue.

Instead, Cooper argues only that because Felony Franks was the "prevailing party" at the time that he withdrew from the case, he is entitled to fees. Felony Franks responds that Section 1988 attorney's fees properly belong to the client, not the individual attorney. Felony Franks also adds that Cooper's attempt to place an attorney's lien on the settlement amounts is invalid. On reply, Cooper contends that he is entitled to seek attorney's fees under the doctrine of *quantum meruit*, and alternatively, that he properly placed the attorney's lien. Felony Franks points out on sur-reply that Cooper's *quantum meruit* argument is waived as it was not the initial basis of his motion, and even if it were not waived, that the absence of an enforceable contingency fee agreement is fatal to any *quantum meruit* claim.

It is black-letter law that Section 1988 attorney's fees belong to the party rather than the individual attorney. *See*, *e.g.*, *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990); *Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986); *Stive v. U.S.*, 366 F.3d 520, 523 (7th Cir. 2004); *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004). Accordingly, Cooper has no statutory entitlement to seek fees under Section 1988.

For his part, Cooper contends that he has standing under contract and quasi-contract principles to seek his fees from his former clients. As a preliminary matter, these arguments were first made in his reply brief and hence are deemed waived. *See*, *e.g.*, *Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013) (citing *Coleman v. Hardy*, 690 F.3d 811, 818 (7th Cir. 2012), and *Dye v. U.S.*, 360 F.3d 744, 751 n.7 (7th Cir. 2004)). But even if they were properly before this Court, the Court notes that Cooper's former clients dispute that they are obligated to pay Cooper anything. In the end, what Cooper presents in his reply brief is a dispute between himself and his former clients.

3

But, "§ 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer." *Venegas*, 495 U.S. at 90. Cooper provides no authority for the proposition that, even though he lacks standing under Section 1988, he nevertheless can seek attorney's fees under Section 1988 from the Defendants based upon on a contract or quasi-contract claim that he has against his former clients, particularly where his former clients contest the claim. To the extent that Cooper believes that he has a right to recover his fees from his former clients based upon state law claims, he can pursue those claims in state court in a separate action.

Finally, although it is not necessary for our disposition of the present motion, the Court believes that addressing the validity of the attorney's fees lien purportedly issued by Cooper to Defendants' counsel may facilitate the resolution of this dispute. Under Illinois' attorney's lien statute, Ill. Rev. Stat. ch. 13, ¶ 14, "Illinois courts do not allow the statutory lien to be perfected after the attorney-client relationship has terminated." *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987) (citing *Rhoades v. Norfolk & W. Ry.*, 399 N.E.2d 969, 973-74 (Ill. 1979)). Nowhere does Cooper contend that he sought to affix the lien prior to August 2, 2011, when the Court granted his motion for leave to withdraw. In fact, it appears that the attorney's lien was not perfected (if indeed, it was) until October 2012. Thus, the attorney's lien purportedly issued by Cooper is void under Illinois law.

For the foregoing reasons, Christopher C. Cooper's 42 U.S.C. § 1988 motion for attorney's fees is denied.

Date: September 6, 2013 /s/ John Z. Lee